## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **JEAN YENKELUN**<br>25 Grove Street<br>Thomaston, Connecticut 06787<br><br>*Plaintiff*<br><br>v.<br><br>**SERO SERVICES LLC**<br>1282 Ocean Parkway<br>Berlin, Maryland 21811<br><br>    <u>**Serve**</u>:<br>    Resident Agent<br>    Ronald Croker<br>    1282 Ocean Parkway<br>    Berlin, Maryland 21811<br><br>*Defendant* | Case No.: __1:20-CV-3549__<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Jean Yenkelun, by her attorneys, Michael P. Smith and Bekman, Marder & Adkins L.L.C., sues the Defendant, Sero Services LLC, and states as follow

1.      The Plaintiff, Jean Yenkelun, is a resident of the State of Connecticut.

2.      The Defendant, Sero Services LLC, is a domestic LLC organized under the laws of Maryland, having its principal place of business in Berlin, Maryland.

3.      The amount in controversy between Plaintiff and Defendant exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

4.      This court has jurisdiction over Defendant and this action pursuant to 28 U.S.C. § 1332, because there is complete diversity of citizenship between Plaintiff and Defendant.

5.     That at all times hereinafter mentioned, the Defendant, Sero Services LLC, owned, operated and had in its possession and control a 32-foot charter boat named the Liquid Limo (the "Vessel"), which the Defendant advertised as a "U.S. Coast Guard inspected vessel certified to carry 24 customers," which was operated by a USCG captain, and which could be rented for two to eight hours to cruise around Ocean City, Maryland and Assateague Island and to stop by some of the local bars by the water.  A photo of the Vessel is attached as **Exhibit 1**.

6.     That it was the duty of the Defendant, Sero Services LLC, to maintain said Vessel in a reasonable and safe condition fit for those invited thereon, to provide reasonable and adequate warnings concerning known dangers or dangers which the Defendant should have known existed, to provide a proper and safe ingress and egress aboard the Vessel, and to provide proper and safe lighting aboard the vessel.

7.     On July 29, 2019, the Plaintiff, Jean Yenkelun was a member of a group of 23 adults who were booked for a four-hour rental of the Liquid Limo, beginning at 7:00 p.m.  The group boarded the Vessel at Odyssea Watersports, 5003C Coastal Highway in Ocean City.

8.     The Captain and the crew aboard the Liquid Limo on the July 29, 2019, were at all relevant times employees, agents or apparent agents of the Defendant, Sero Services LLC, acting in the course of their employment.

9.     After the trip began, the Vessel cruised the bay and stopped at various bars. Members of the group, including the Plaintiff, exited and then later re-entered the Vessel along whichever side of the Vessel was next to the pier or dock.  Whenever the Plaintiff or the other passengers were exiting or entering on the port or starboard sides of the Vessel, either the Captain or a member of his crew assisted each person in getting over the hump between the pier and the nearest aisle

inside the boat.  Those midship sections of ingress and egress on both sides of the Vessel remained

open at all times.  There were no protective gates to close or chains to hook up.

10.     After sundown, lighting on the rear deck was fairly dim, making visibility difficult

along the port and starboard aisles which were narrow.

11.     The last stop made by the Vessel on the trip was at Mackey's Bayside Bar and Grill

located at 5311 Ocean Highway. The docking area for Mackey's consisted of slips and the Vessel

backed up into a slip, docking next to another boat.  The passengers, including the Plaintiff, exited

and later reentered the Vessel through a railed gateway separated by a two-foot railing door and a

chain link between the higher railings at the stern. The chain link was unhooked and then gateway

opened to allow egress and ingress through the stern of the Vessel. When exiting the Vessel, either

the Captain or a member of his crew assisted each passenger, including the Plaintiff, through the

opening in the stern and onto the dock.

12.     When the Plaintiff returned to the Vessel from Mackey's, either the Captain or a

member of his crew assisted the Plaintiff as she boarded through the stern entrance.  After

boarding, the Plaintiff walked up the narrow port side aisle towards the front without any assistance

or direction from the Captain or a member of his crew.  It was very dark and the aisle along the

rear deck was not well illuminated.  Due to the lack of assistance or direction and to poor visibility,

Plaintiff fell over the unprotected port side ingress/egress section into the waters between the

Liquid Limo and an adjacent boat.  While falling, she reached out protectively before landing in

the bay and injured her left upper extremity.  After Plaintiff was pulled out of the water, she tried

to walk, but she fainted.

13.     Plaintiff was taken by ambulance to the Atlantic General Hospital emergency room

in Ocean City, where she was given morphine and Zofran, underwent an EKG due to her syncope,

and underwent x-rays that showed a closed fracture of her left humerus.  The hospital providers

discharged her "home" with instructions to follow up with an orthopedic provider for treatment.

She was discharged with a package of Percocet.

14.     In her follow-up treatment, Plaintiff found to have suffered a left proximal humerus

fracture comminuted with slight elevation of the greater tuberosity.  She also had pain in her lower

back and buttocks area as well as an abrasion along the posterior aspect of the proximal thigh.  She

underwent conservative treatment, but when she continued to have difficulties, she underwent an

MRI which showed a full thickness tear of the supraspinatus tendon that needed to be repaired

surgically followed by post-operative rehabilitation.

15.     The Defendant Sero Services LLC, by and through its employees, agents and

apparent agents, was negligent in that it failed to provide the Plaintiff with safe ingress to the

Vessel; failed to provided adequate lighting aboard the vessel; failed to warn the Plaintiff of the

defective condition of the Vessel along the starboard and port sides of the vessel;  failed to protect

the Plaintiff, and was otherwise careless and negligent.

16.     As a direct result of the negligence of the Defendant, the Plaintiff was proximately

caused to sustain serious, painful and permanent injuries to her left upper extremities, her low back

and buttock, and her body, severe shock to her nerves and nervous system and great mental and

emotional suffering and anguish; whereby, she was obliged to receive medical treatment for which

expenses were and will continue to be incurred in the future and was and will in the future be

prevented from engaging in her usual employment, activities and pursuits and was otherwise

injured and damaged.

17.     Plaintiff states that all of the injuries and damages were caused solely by the actions

of the Defendant without any action of the Plaintiff thereunto contributing.

WHEREFORE, the Plaintiff, Jean Yenkelun, claims damages against the Defendant, Sero Services LLC, in an amount exceeding seventy-five thousand dollars ($75,000.00) to be determined by a jury, together with all costs of this action.

MICHAEL P. SMITH (03179)
smith@bmalawfirm.com
Bekman, Marder, & Adkins, L.L.C.
300 West Pratt Street, Suite 450
Baltimore, Maryland 21201
410-539-6633

Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

The Plaintiff in the above-captioned case elects to try her case before a jury.

MICHAEL P. SMITH (03179)